UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL AROSTEGUI-CAMPO,<br><br>                       Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>                      Respondents. | Case No.: 25-CV-3064 JLS (MMP)<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 2) |

      Presently before the Court is Petitioner Fidel Arostegui-Campo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1), Motion for Appointment of Counsel (ECF No.2), and Motion for Temporary Restraining Order ("TRO," ECF No. 3). Petitioner, a Cuban national, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since October 21, 2025, when he appeared at the ICE, Enforcement and Removal Operations ("ERO") office for a check in where DHS detained him without any explanation except, "the new administration." Pet. at 2. Petitioner claims that he is detained by ICE in violation of the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. *Id.* at 10–12. On November 13, 2025, the Court issued an Order to Show Cause. ECF No. 6.

Petitioner moves to appoint Federal Defenders of San Diego, Inc., as counsel as the issues are "complex, implicating constitutional, statutory, regulatory, and immigration law." ECF No. 2 at 1. Under 18 U.S.C. § 3006A(a)(2), a district court may appoint counsel for an impoverished habeas petitioner seeking relief under 28 U.S.C. § 2241 when "the interests of justice so require." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (quoting 18 U.S.C. § 3006A(g)). The Court "must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citations omitted). Here, the Federal Defenders of San Diego have stated that they are ready and able to assist Petitioner. *See generally* ECF No. 2. Petitioner has also demonstrated that his claims are likely to succeed, the issues are complex, and that he cannot afford an attorney. *Id.*; Pet. at 27. Therefore, the Court **GRANTS** Petitioner's Motion for Appointment of Counsel and **APPOINTS** Federal Defenders of San Diego, Inc. to represent him.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner **SHALL** not be removed from the United States until the Court resolves the current Petition. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court."); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant[] and to preserve . . . jurisdiction over the matter.").

/ / /

1 **IT IS SO ORDERED.**

2 Dated: November 14, 2025

3 Hon. Janis L. Sammartino
4 United States District Judge